UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-80341-DMM

NELSON FERNANDEZ,

       Plaintiff,

vs.

PERRY ELLIS MENSWEAR, LLC,
d/b/a ORIGINAL PENGUIN,
a foreign limited liability company,

       Defendant.

_____/

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Perry Ellis Menswear, LLC, a foreign limited liability company d/b/a Original Penguin ("Defendant"), hereby responds to the Complaint ("Complaint") filed by Plaintiff, Nelson Fernandez ("Plaintiff"), as follows:

### ANSWER

1.      Defendant denies each and every allegation set forth in Paragraph "1" of the Complaint, except admits that Plaintiff purports to bring this action pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), as amended, and 28 C.F.R. Part 36 and to seek declaratory and injunctive relief, attorneys' fees, costs, and litigation expenses. Defendant specifically denies that it engaged in any conduct that violated the law and, therefore, specifically denies that Plaintiff is entitled to any relief in this action.

2.      Paragraph "2" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent a response is required, Defendant admits that Plaintiff purports to invoke this court's jurisdiction, and purports to seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      Paragraph "3" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.  To the extent any response is required, Defendant denies that any actions were taken which were directed at Plaintiff and further denies that any injuries or damages were suffered by Plaintiff because of any such actions within the Southern District of Florida or otherwise.

4.      In response to Paragraph "4" of Plaintiff's Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Plaintiff is a resident of Palm Beach County, Florida, is *sui juris*, or is disabled, and therefore denies such allegations.

5.      In response to Paragraph "5" of Plaintiff's Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations, and therefore must deny such allegations.

6.      In response to Paragraph "6" of Plaintiff's Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted, and therefore must deny such allegations.

7.      Defendant admits the allegations in Paragraph "7" of the Complaint.

8.      In response to Paragraph "8" of Plaintiff's Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted, and therefore must deny such allegations.

9.      In response to Paragraph "9" of Plaintiff's Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted, and therefore must deny such allegations.

10.     Defendant admits the allegations in Paragraph "10" of the Complaint.

75883785;2

11.     Defendant admits the allegations in Paragraph "11" of the Complaint.

12.     Defendant admits the allegations in Paragraph "12" of the Complaint.

13.     In response to Paragraph "13" of the Complaint, Defendant admits that the Website provides information on available products, services, sales, campaigns, and other information that Defendant is interested in communicating to its customers.  Defendant denies that the Website provides information on tips, advice, and editorials.

14.     Paragraph "14" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.  To the extent any response is required, Defendant admits that its Website allows the public to locate its physical stores, purchase merchandise online and arrange for return of merchandise, follow and track the status of online orders, purchase gift cards, and sign up for an electronic emailer/rewards program. The allegations in Paragraph "14" of the Complaint are otherwise denied.

15.     Defendant denies the allegations in Paragraph "15" of the Complaint.

16.     In response to Paragraph "16" of Plaintiff's Complaint, Defendant admits that it was and still is an organization owning and operating the Website.  The remaining allegations in Paragraph "16" set forth legal conclusions to which no response is required.  To the extent any response is required, Defendant denies the remaining allegations in Paragraph "16" of the Complaint.

17.     In response to Paragraph "17" of Plaintiff's Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted, and therefore must deny such allegations.

18.     In response to Paragraph "18" of Plaintiff's Complaint, Defendant denies the allegation in the last sentence, that it has not provided its business information in a format that is

75883785;2

accessible for use by blind and visually impaired individuals using screen reader software. As to the remaining allegations in Paragraph "18" of the Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted, and therefore must deny such allegations.

19.     In response to Paragraph "19" of Plaintiff's Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted, and therefore must deny such allegations.

20.     In response to Paragraph "20" of Plaintiff's Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted, and therefore must deny such allegations.

21.     In response to Paragraph "21" of Plaintiff's Complaint, Defendant denies that its Website contains access barriers preventing free and full use by visually impaired individuals using keyboards and available screen reader software, as set forth in subparagraphs (a) through (d). As to the remaining allegations in Paragraph "21" of the Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted and, therefore, must deny such allegations.

22.     In response to Paragraph "22" of the Complaint, Defendant admits that the Website includes an accessibility notice or statement.  The remaining allegations in Paragraph "22" of the Complaint are denied.

23.     Defendant denies the allegations in Paragraph "23" of the Complaint.

24.     Defendant denies the allegations in Paragraph "24" of the Complaint.

25.     Defendant denies the allegations in Paragraph "25" of the Complaint.

26.     Defendant denies the allegations in Paragraph "26" of the Complaint.

75883785;2

27.     Defendant admits the allegations in Paragraph "27" of the Complaint, only to the extent that the capitalized term is intended as a defined term, but admits that it has personnel that serve in this function and implement this action.

28.     Defendant admits the allegations in Paragraph "28" of the Complaint, only to the extent that the capitalized term is intended as a defined term, but admits that it has personnel that serve in this function and implement this action.

29.     Defendant admits the allegations in Paragraph "29" of the Complaint, only to the extent that the capitalized term is intended as a defined term, but admits that it has personnel that serve in this function and implement this action.

30.     Defendant admits the allegations in Paragraph "30" of the Complaint, only to the extent that the capitalized term is intended as a defined term, but admits that it has personnel that serve in this function and implement this action.

31.     Defendant admits the allegations in Paragraph "31" of the Complaint, only to the extent that the capitalized term is intended as a defined term, but admits that it has personnel that serve in this function and implement this action.

32.     Defendant admits the allegations in Paragraph "32" of the Complaint, only to the extent that the capitalized term is intended as a defined term, but admits that it has personnel that serve in this function and implement this action.

33.     Defendant admits the allegations in Paragraph "27" of the Complaint, only to the extent that the capitalized term is intended as a defined term, but admits that it has personnel that serve in this function and implement this action.

34.     Defendant denies the allegations in Paragraph "34" of the Complaint to the extent it assigns any actions over and above those which are required under the ADA and denies any

5

requirement under the ADA to make any such disclosures in a public portal, but admits it has complied with its requirements under the ADA.

35.     Defendant denies the allegations in Paragraph "35" of the Complaint.

36.     In response to Paragraph "36" of Plaintiff's Complaint, Defendant admits that it has not disclosed to the public any intended audits, changes or lawsuits related to the accessibility of the Website.  However, Defendant denies any requirement under the ADA to make any such disclosures, or that the Website is inaccessible to visually disabled individuals.

37.     Defendant denies the allegations in Paragraph "37" of the Complaint.

38.     Paragraph "38" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.  To the extent any response is required, Defendant denies the remaining allegations in Paragraph "38" of the Complaint.

39.     Paragraph "39" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the remaining allegations in Paragraph "39" of the Complaint.

40.     Defendant denies the allegations in Paragraph "40" of the Complaint.

41.     In response to the allegations in Paragraph "41" of Plaintiff's Complaint, Defendant states that use of the term "need" renders the allegations vague and ambiguous.  To the extent any response is required, Defendant admits its Website must provide effective communication for persons with disabilities.

42.     Defendant denies the allegations in Paragraph "42" of the Complaint.

43.     Defendant denies the allegations in Paragraph "43" of the Complaint.

44.     Paragraph "44" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.  To the extent any response is required,

75883785;2

Defendant denies the allegations contained therein.

45.      Paragraph "45" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.  To the extent any response is required, Defendant denies the allegations contained therein.

46.      In response to the allegations in Paragraph "46" of Plaintiff's Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted, and therefore must deny such allegations.

### ANSWER TO COUNT I – VIOLATION OF THE ADA

47.      In response to the allegations in Paragraph "47" of Plaintiff's Complaint, Defendant repeats and incorporates its answers to Paragraphs "1" through "46" of the Complaint as though fully set forth herein.

48.      Paragraph "48" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the remaining allegations in Paragraph "48" of the Complaint

49.      Paragraph "49" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the remaining allegations in Paragraph "49" of the Complaint

50.      Paragraph "50" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the remaining allegations in Paragraph "50" of the Complaint

51.      Paragraph "51" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.  To the extent any response is required, Defendant denies the remaining allegations in Paragraph "51" of the Complaint

75883785;2

52.     Paragraph "52" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the remaining allegations in Paragraph "52" of the Complaint

53.     Defendant denies the allegations in Paragraph "53" of the Complaint.

54.     Defendant denies the allegations in Paragraph "54" of the Complaint.

55.     In response to Paragraph "55" of Plaintiff's Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the activities of Plaintiff's "expert," but denies that the Website contains access barriers.  The remaining allegations in Paragraph "55" of the Complaint also are denied.

56.     Defendant denies the allegations in Paragraph "56" of the Complaint.

57.     In response to the allegations in Paragraph "57" of the Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations asserted, and therefore must deny such allegations.

58.     Defendant denies the allegations in Paragraph "58" of the Complaint.

59.     Paragraph "59" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.  To the extent any response is required, Defendant denies the remaining allegations in Paragraph "59" of the Complaint

60.     Paragraph "60" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the remaining allegations in Paragraph "60" of the Complaint

61.     Paragraph "61" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response.  To the extent any response is required, Defendant denies the remaining allegations in Paragraph "61" of the Complaint

75883785;2

62.     Paragraph "62" of Plaintiff's Complaint sets forth legal conclusions and does not set forth any factual allegations requiring a response. To the extent any response is required, Defendant denies the remaining allegations in Paragraph "62" of the Complaint

63.     Defendant denies the allegations in Paragraph "63" of the Complaint.

64.     Defendant denies the allegations in Paragraph "64" of the Complaint.

65.     Defendant denies the allegations in Paragraph "65" of the Complaint.

66.     In response to Paragraph "66" of Plaintiff's Complaint, Defendant admits this Court is vested with authority to grant Plaintiff relief, but denies Plaintiff is entitled to any such relief, including as set forth in subparagraphs (a) through (c) of this Paragraph.

67.     In response to Paragraph "67" of Plaintiff's Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning's Plaintiff's arrangement with counsel of record.  The remaining allegations in Paragraph "67" of the Complaint are denied.

68.     Defendant denies that Plaintiff is entitled to any of the relief set forth in the Complaint's "Wherefore" clause, including subparts "A" through "K" thereunder.

## GENERAL DENIAL

69.     Any allegations in the Complaint not specifically admitted herein shall be deemed denied.

## AFFIRMATIVE DEFENSES

70.     Plaintiff fails to state any claim upon which relief may be granted against Defendant, including, but not limited to, Plaintiff seeking accommodations that exceed the requirements of the ADA and the ADA Accessibility Guidelines and ignoring the accommodations that already exist.

75883785;2

71.     Plaintiff's claims are barred and he lacks standing to the extent that he was not deterred from accessing Defendant's Website, and to the extent that Plaintiff cannot establish his intent to visit the Website in the future or otherwise avail himself of the goods and services of the alleged business at issue.

72.     At all times, Defendant acted in good faith and with reasonable grounds to believe it was in compliance with any and all duties and obligations that it may have had under all federal, state and local laws, rules, regulations, common law, and/or public policy, including but not limited to the ADA.

73.     Defendant alleges Plaintiff's Complaint as a whole, and the claims for relief contained therein, fail to state a claim for relief as the alleged accessibility violations constitute *de minimis* deviations from applicable access laws, codes, regulations, or guidelines.

74.     Plaintiff has demanded modifications that are not readily achievable, are technically infeasible, are structurally impracticable, and/or are not required under the ADA.  To the extent elements of the referenced website do not comply with the corresponding elements in the ADA guidelines and/or barriers to accessibility exist, such compliance is not readily achievable, are technically infeasible, and/or is structurally impracticable.

75.     To the extent particular elements of referenced website do not comply exactly with the corresponding elements concerning website accessibility (including, but not limited to, the Web Content Accessibility Guidelines 2.1 ("WCAG 2.1")), such elements provide substantially equivalent or greater access and usability of the facility and services have been made available through permissible alternative methods.

76.     Plaintiff's claim is barred, in whole or in part, to the extent that Plaintiff seeks alterations and accommodations that would fundamentally alter the nature of the goods, services,

facilities, privileges, advantages or accommodations being offered, would create an undue burden

on Defendant, or would pose a significant risk to the health or safety of individuals with disabilities

or others.

77.     The Complaint fails, in whole or in part, to state a claim upon which relief can be

granted or for which the relief or recovery sought can be awarded, as there are currently no official

standards for website accessibility that have been issued by the U.S. Department of Justice.

78.     Plaintiff's claims are barred, in whole or in part, because the requested relief

imposes an undue burden or hardship pursuant to 42 U.S.C. § 12182(b)(2)(A)(iii).

79.     Although Defendant denies that Plaintiff has been damaged in any way, if it should

be determined that Plaintiff has been damaged, then Defendant alleges, upon information and

belief, that Plaintiff has failed to mitigate the purported damages and further alleges, to the extent

any damages could have been mitigated, such sums should be deducted from any award of

damages to Plaintiff.

80.     Defendant reserves the right to add additional affirmative defenses or to delete or

withdraw such affirmative defenses as may become necessary at any time during this litigation

and after a reasonable opportunity for appropriate discovery.

**WHEREFORE**, Defendant demands judgment in its favor dismissing Plaintiff's

Complaint with prejudice, awarding reasonable attorneys' fees and costs of suit, and awarding

whatever further relief this Court deems just and appropriate.

75883785;2

Dated:  April 15, 2024                    Respectfully submitted,

By: */s/ Arlene K. Kline*_____
    Arlene K. Kline
    Florida Bar No. 104957
    E-mail: arlene.kline@akerman.com
    Melissa S. Zinkil
    Florida Bar No. 0653713
    Email: melissa.zinkil@akerman.com
    **AKERMAN LLP**
    777 South Flagler Drive
    Suite 1100 West Tower
    West Palm Beach, FL  33401-6183
    Telephone: (561) 653-5000
    Facsimile: (561) 659-6313

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel and parties of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:     */s/ Arlene K. Kline*_____
    Arlene K. Kline
    Florida Bar No. 104957

12

75883785;2

## SERVICE LIST

*Nelson Fernandez v. Perry Ellis Menswear, LLC, d/b/a Original Penguin.*
*Case No.: 9:24-cv-80341-DMM*

**United States District Court, Southern District of Florida**


Roderick V. Hanna, Esq.
**Roderick V. Hannah, Esq. P.A.**
4800 North Hiatus Road
Sunrise, FL 33351-7919
T. 954-362-3800
F: 954-362-3779
Email: rhannah@rhannahlaw.com
*Counsel for Plaintiff*

*Via CM/ECF*

Pelayo M. Duran, Esq.
**Law Office of Pelayo Duran, P.A.**
4640 N.W. 7th Street
Miami, FL 33126-2309
T: 305-266-9780
F: 305-269-8311
Email: duranandassociates@gmail.com
*Co-Counsel for Plaintiff*

*Via CM/ECF*

75883785;2